IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ALONZO D. POUGHT,

       Petitioner,

v.                                    Civil Action No. 5:14CV16
                                                  (STAMP)

CHARLES F. SAMUELS, JR.,
and R.A. PERDUE, Warden,

       Respondents.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Procedural History

On February 6, 2014, the pro se[1] petitioner, Alonzo D. Pought ("Pought"), initiated this 28 U.S.C. § 2241 habeas corpus action. In his petition for habeas corpus, Pought challenges the execution of his federal sentence in relation to a sentence imposed by the State of Michigan. The action was referred to United States Magistrate Judge Robert W. Trumble for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2.

Thereafter, the respondent filed a motion to dismiss, or in the alternative, motion for summary judgment. In response to the motion to dismiss, the petitioner filed a response and motion for summary judgment. The magistrate judge then ordered the respondent

---

[1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

to file a supplemental memorandum to which the petitioner filed a reply. The magistrate judge then filed a report and recommendation recommending that this Court grant the respondent's motion to dismiss or, in the alternative, motion for summary judgment; deny the petitioner's motion for summary judgment; and deny and dismiss with prejudice the § 2241 petition. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with copies of the report. Neither party filed objections.

## II.  Facts

In early 2011, the petitioner was on state parole in Michigan after serving part of a 40-year sentence and an eight-year sentence imposed by the Saginaw, Michigan Tenth Circuit Court. In March 2011, he was arrested for drug charges and violation of his state parole. The petitioner was then returned to state custody. Thereafter, the petitioner was charged with possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) in the United States District Court for the Eastern District of Michigan.

Federal authorities then borrowed the petitioner from the state via writs of habeas corpus ad prosequendum for several preliminary criminal hearings and, ultimately, for the petitioner's

2

plea hearing and sentencing hearing. The petitioner was sentenced to a term of 188 months for the intent to distribute charge to be served concurrently to his state court sentence. The petitioner remained in state custody until he was released from state custody on parole to a federal detainer.

Throughout his briefings, the petitioner argues that the Federal Bureau of Prisons ("BOP") has violated his rights by erroneously refusing to grant him a 21-month credit toward his federal sentence for the time he spent in state custody. The petitioner contends that he was in federal custody the entire time before his federal sentence was imposed and that he was never re-sentenced by the state court for his parole violation. Additionally, he asserts that the federal judge incorrectly found him to be a career offender.

The respondent asserts that the petitioner is not entitled to prior custody credit because he was always in state custody until his state sentence was completed. The respondent cited Michigan parole regulations and Michigan state law which provides that a defendant shall remain incarcerated pending a hearing regarding a parole violation. Additionally, the respondent contends that a § 2241 petition is not the appropriate forum to challenge the enhancement as a career offender.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## III. Applicable Law

As there were no objections filed to the magistrate judge's recommendation, the findings and recommendation will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

## IV. Discussion

The petitioner was sentenced in the Eastern District of Michigan on September 27, 2012. Further, the BOP made a nunc pro tunc designation and deemed his sentence to have commenced on September 27, 2012, rather than on December 5, 2012. Thus, the magistrate judge correctly found that the issue before this Court is whether the petitioner is entitled to credit for time he spent in custody prior to September 27, 2012, as he was given credit for more than two months that had elapsed before he was transferred to federal custody.

The petitioner contends that he should be given credit from March 9, 2011, the date he was taken into state custody for the violation of his parole, to September 27, 2012, his federal sentencing date. The petitioner argues that this period of time was not applied to his state sentence, as he was not re-sentenced

in state court, and thus did not otherwise benefit his state sentence.

This Court finds that the magistrate judge correctly found that pursuant to the doctrine of primary jurisdiction, the petitioner was not entitled to credit for the time served before September 27, 2012. As the magistrate judge noted and this Court has recognized, primary jurisdiction remains vested in a sovereign until that sovereign relinquishes its primary jurisdiction through dismissal of the charges, bail release, parole release, or satisfaction of the sentence. Coles v. DeBoo, No. 2:10cv70, 2010 WL 3767113 (N.D. W. Va. Sept. 27, 2010).

In this case, petitioner was not indicted until July 2011, well after the decision was made by State of Michigan to incarcerate the petitioner following his parole violation. As noted by the magistrate judge, under Michigan state law, when an offender is release on parole, parole is a conditional release and not a completion of the original sentence. MI ST 791.237 § 38(6). Thus, when the petitioner was arrested and incarcerated by the State of Michigan, he was then serving the remainder of his original state sentences. As such, he was in primary custody of the State of Michigan and the time period before September 27, 2012 cannot be credited toward his federal sentence. See 18 U.S.C. § 3585(b).

Finally, if the petitioner was attempting to raise a claim that he should not have been considered a career offender, this claim should have been brought pursuant to a 28 U.S.C. § 2255 petition because it involves the imposition rather than the execution of the petitioner's sentence. The petitioner has not shown that a § 2255 petition is inadequate and ineffective to test the legality of his conviction pursuant to In re Jones, 226 F.3d 328 (4th Cir. 2000), because the crime underlying his federal conviction is still a criminal offense.[2]

## V. Conclusion

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 is DENIED. Additionally, the respondent's motion to dismiss or, in the alternative, for summary judgment is GRANTED and the petitioner's motion for summary judgment is DENIED.

---

[2]In order to show that bringing a claim pursuant to § 2255 would be ineffective, a petitioner must show that: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law. Jones, 226 F.3d 328.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action would result in a waiver of appellate rights. Because the petitioner has failed to object, he has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    December 8, 2014


                              /s/ Frederick P. Stamp, Jr.
                              FREDERICK P. STAMP, JR.
                              UNITED STATES DISTRICT JUDGE